IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

DANIEL RUIZ                              §
     TDCJ-CID #682805                  §
V.                                       §          C.A. NO. C-05-285
                                     §
TINA KUTACH, ET AL.                      §

## MEMORANDUM AND RECOMMENDATION TO DISMISS

In this civil rights action, plaintiff complains that defendant Tina Kutach, a Rockport County Jail administrator, was deliberately indifferent to his health and safety when she twice placed him in a crowded holding cell where he was assaulted by other inmates.  (D.E. 1, 10).  For the reasons stated herein, it is respectfully recommended that this action be dismissed as barred by limitations.

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.  FACTUAL ALLEGATIONS

The following allegations were made in plaintiff's original complaint, (D.E. 1), more definite statement, (D.E. 11), or at the September 19, 2005 Spears[1] hearing.

On August 21, 2002, plaintiff was arrested in Rockport County and charged with assault on a peace officer, family violence, and child endangerment.  Due to

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

the nature of the charges against him, plaintiff asked Ms. Kutuch that he be placed in a single cell for his own safety.  Instead, Ms. Kutach assigned plaintiff to a cell with 16 other inmates.  Later that evening, plaintiff was "jumped" and assaulted by the other inmates.  He was taken by ambulance to Spohn Hospital, where he remained in the intensive care unit for three days with injuries to his head, nose, and left eye.

On or about August 28, 2002, plaintiff was returned to the Jail and placed in a single-man cell.  For the next three to four weeks, he could barely get out of bed.  During this time, Ms. Kutach laughed and mocked him.  Thereafter, Ms. Kutach ordered that plaintiff be returned to the same cell in which the assault had occurred, despite the fact that some of the inmates who had previously assaulted him were still housed there.  On the second day in that cell, plaintiff was attacked again.  He sustained abrasions to his left eye and lower body injuries. Following the second assault, plaintiff was placed in a 2-man cell.

Plaintiff filed a grievance against Ms. Kutach, but it was denied.  He began to prepare a lawsuit, but was transferred from the Rockport County Jail to a Texas Department of Criminal Justice ("TDCJ") unit.[2]  In the TDCJ, he was in a disruptive unit and portions of his legal files were lost or damaged.

Plaintiff filed the instant action on May 5, 2005.  Plaintiff is suing Tina

---

[2] The charges related to plaintiff's August 21, 2002 arrest were dismissed; however, he was returned to the TDCJ for parole violations.

Kutach individually and in her official capacity as an administrator for the Rockport County Jail.[3]  He seeks compensatory and punitive damages.

### III.  DISCUSSION

Plaintiff complains that Tina Kutach was deliberately indifferent to his health and safety when she placed him in the 16-man cell on August 21, 2002, and then again, in late September 2002.

There is no federal statute of limitations for section 1983; instead, the federal courts borrow the forum state's general or residual personal injury limitations period.  Rodriguez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992) (citing Owens v. Okure, 488 U.S. 235 (1989)).  In Texas, the applicable limitations period is two years.  TEX. CIV. PRAC. & REM. CODE § 16.003(a);[4] see also Rodriguez, 963 F.2d at 803.

The forum state's tolling provisions are applied unless they are inconsistent with federal law.  Slack v. Carpenter, 7 F.3d 418, 420 (5th Cir. 1993) (per curiam).  Time during which administrative remedies are pursued tolls the limitation period.  See Gartrell v. Gaylor, 981 F.2d 254, 258 (5th Cir. 1993) (per curiam).

---

[3] In his More Definite Statement, plaintiff clarified that he was not naming Rockport County as a defendant. (D.E. 11).

[4] Pursuant to statute, "a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues."  TEX. CIV. PRAC. & REM. CODE § 16.003(a).

Accrual of a § 1983 claim is governed by federal law.  Rodriguez, 963 F.2d at 803.  A cause of action accrues when the plaintiff knows, or has reason to know of the injury which is the basis of the action.  Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998).

In this case, plaintiff executed his complaint on May 5, 2005, which is the earliest possible date his complaint could have been deposited into the prison mail system.  Therefore, his complaint is deemed filed on that date.  Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998) (per curiam); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995) (relying on Houston v. Lack, 487 U.S. 266 (1988)).  As such, any claims that accrued prior to May 5, 2003 are barred by the two-year statute of limitations, unless plaintiff is entitled to tolling.

Plaintiff complains of events that occurred, at the latest, in the fall of 2002.  On the face of his complaint, his claims are time barred.  At the Spears hearing, plaintiff testified that he did not file his lawsuit sooner because he was unfamiliar with the legal process and did not know how to file suit.  He also testified that it was his understanding that he had 90 days from the date he was released from prison to timely file his lawsuit.

Prior to September 1987, Texas law provided that the statute of limitations for certain actions was tolled by incarceration.  See Tex. Rev. Civ. Stat. Ann. art. 5535.  However, that law was repealed in September 1985, and imprisonment is no

longer a disability that tolls a statute of limitations.  <u>White v. Cole</u>, 880 S.W.2d 292, 295 (Tex. App. 1994) (inmate not entitled to tolling of limitations in suit against sheriff and jailer based on imprisonment); <u>see</u> <u>also</u> <u>Gartrell v. Gaylor</u>, 981 F.2d at 257 (discussing repeal of Texas statute that established imprisonment as a disability for purposes of tolling statute of limitations).  <u>Rodriguez</u>, 963 F.2d at 803 (same).  Moreover, ignorance of the law does not toll limitations.  <u>Seibert v. Gen. Motors Corp.</u>, 853 S.W.2d 773, 776-77 (Tex. App. 1993).  Plaintiff is not entitled to tolling of statute of limitations.

## IV.  <u>CONCLUSION</u>

Plaintiff's claims against Tina Kutach are barred by limitations, and plaintiff is not entitled to tolling of those limitations.  Accordingly, it is respectfully recommended that plaintiff's action be dismissed.

Respectfully submitted this 12th day of October 2005.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, 28 U.S.C. § 636(b)(1)(C), and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).